**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re:  VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, | No.   17-16279 |
| | D.C. No. 3:15-md-02672-CRB |
| _____ | |
| JASON HILL; et al., | MEMORANDUM* |
|            Plaintiffs-Appellees, | |
| JOLIAN KANGAS, | |
|            Objector-Appellant, | |
|  v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC.; et al., | |
|            Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted July 19, 2018**

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Jolian Kangas objected to one of three proposed class action settlements arising out of Volkswagen's installation of "defeat devices" in its 2.0- and 3.0-liter diesel cars. The settlement at issue (the "Bosch settlement") is between the plaintiffs and Volkswagen suppliers Robert Bosch GmbH and Robert Bosch LLC (collectively, "Bosch"), two companies that are alleged to have assisted Volkswagen in its defeat-device scheme. Kangas appeals the district court's final order approving the settlement and order granting attorneys' fees and costs. We review for abuse of discretion the district court's approval of the settlement and its award of fees and costs. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011).We review the adequacy of notice de novo. *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1116 (9th Cir. 2018). We affirm both orders.

**1.** The Bosch settlement provides higher per-person compensation to 3.0-liter class members than to 2.0-liter class members. The district court did not abuse its discretion when it determined the difference was warranted. The Bosch settlement is one part of a larger whole. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Federal Trade Commission ("FTC"), which determined how to allocate the

settlement funds, concluded that the 2.0-liter settlement with Volkswagen was sufficient to fully compensate class members for their actual loss but that the 3.0-liter settlement with Volkswagen was not. The higher compensation to which Kangas objects helps make up that difference. Kangas offers nothing to refute this rationale. Instead, he argues that class counsel impermissibly favored the 3.0-liter class members to the detriment of the 2.0-liter class members. Kangas provides no evidence that supports this argument. And, in any event, the FTC—not class counsel—determined how the settlement funds would be allocated.[1]

**2.** Kangas argues that the district court erred in approving the Bosch settlement because it released Bosch from claims "whether or not concealed or hidden" by class members that arose from its alleged role in supplying defeat devices. We addressed this argument in response to Kangas's objections to the 2.0-liter settlement. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, No. 16-17035 (9th Cir. July 9, 2018). As we stated there, this "concealed or hidden" phrase is language that routinely appears in settlement

---

[1] There is also no merit to Kangas's related argument that it was improper for the FTC to design the allocation because "[n]o single entity should have been vested with the authority to allocate compensation to each sub-class." Kangas fails to cite any authority for this proposition. Moreover, no single entity *was* so vested: The FTC determined the allocation, the parties agreed to it, and the district court approved it.

releases and appears to release Bosch from claims that are not yet known to class members, not claims Bosch has actively or fraudulently concealed. Approving the settlement with this release was not an abuse of discretion. *See Staton v. Boeing Co.*, 327 F.3d 938, 962 (9th Cir. 2003) ("[W]e would not overturn the district court's determination to approve the settlement as fair were the release . . . provisions the only aspects of the decree that are troublesome.").[2]

3.      Kangas challenges the short-form notice sent to 2.0-liter class members for the notice's failure to include information about 3.0-liter class members' compensation. This omission, Kangas argues, was misleading. Not so. The short-form notice to which Kangas objects is only one part of a broader notice program approved by the district court. The short-form notice, among other things, directs 2.0-liter class members to the settlement website, which includes the long-form notice containing precisely the information that Kangas argues was lacking. Kangas cites no authority indicating this manner of notice was deficient.

4.      Kangas argues that the district court erred in approving a fee award because class counsel "overtly favored" the 3.0-liter class members over the 2.0-liter class members. Again, Kangas presents no evidence that class counsel

---

[2] For identical reasons, Kangas argues that the settlement is an illegal contract. For identical reasons, this argument also fails.

exhibited any such favoritism. His only argument for the existence of an intraclass conflict—the fact of the difference in allocation between 3.0-liter and 2.0-liter class members—is unpersuasive. There is no evidence of conflict or favoritism showing that the district court abused its discretion in awarding fees.

5.     Finally, Kangas contends that the district court abused its discretion when it approved a fee award that included a reserve of funds for class counsel's anticipated work after the settlement was approved. Kangas misunderstands the fee award. The district court calculated fees as a percentage of the settlement, not by time worked or projected to be worked. There was no "reserve" of funds.

The only reference to class counsel's projected future work appeared in a lodestar cross-check that the district court performed to assess the reasonableness of the percentage calculation. Cross-checking a percentage award against a lodestar is not only permissible but encouraged. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ("[T]he lodestar may provide a useful perspective on the reasonableness of a given percentage award."). The district court did not err in including projected time in its lodestar cross-check; the court reasonably concluded that class counsel would, among other things, defend against appeals and assist in implementing the settlement. Additionally, the district court noted that even a lodestar without projected future work indicated the fee award was reasonable.

Kangas does not dispute this determination. Thus, there was no abuse of discretion in comparing the fee award to a lodestar that included projected work.[3]

**AFFIRMED.**

---

[3] Kangas also argues that this award violates class members' due process, equal protection, and free speech rights. He offers no authority or argument in support of these claims beyond a cursory recitation of the most general due process and First Amendment principles. These claims are therefore abandoned. *See Chula Vista Citizens for Jobs & Fair Competition v. Norris*, 782 F.3d 520, 526 n.5 (9th Cir. 2015).